# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9303 | **DATE** | ½/2002 |
| **CASE TITLE** | Evelyn Saban vs. State of Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion an Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition is denied as moot. She is hereby notified of our intent to dismiss and has twenty-one (21) days to respond, that is, until January 23, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 03 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 8 |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EVELYN SABAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 01 C 9303 |
| ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Evelyn Saban brings this action against the State of Illinois. Along with her complaint plaintiff has filed an application to proceed *in forma pauperis*. For reasons set forth below, plaintiff's petition is denied as moot and we dismiss her complaint *sua sponte*.

Since the filing of her application to proceed *in forma pauperis*, plaintiff has paid the court costs. As a result, her petition is denied as moot. We recognize fatal flaws in her complaint, however, and proceed *sua sponte* in dismissing her claims.

Plaintiff's complaint alleges that she has been forcibly injected with psychotropic drugs while in custody at a state mental hospital, in violation of her religious beliefs. The remedy she requests is that her state court "unfit to stand trial mental illness case" be thrown out so that the criminal case against her may proceed. The complaint fails, however, because of the defendant named and the remedy sought.

While plaintiff does not offer any legal authority to support her claim, she is a *pro se* plaintiff and accordingly we construe her complaint liberally. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). The allegations appear to state a first amendment violation, and we



will treat the complaint as being brought pursuant to 42 U.S.C. §1983. A state is not a suable person within the meaning of §1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). The defendant in this case is immune from suit.

The complaint is also flawed in the relief sought. It is not within this court's power to intervene in a state action in the way proposed by the plaintiff. Federal courts cannot intervene in an ongoing state criminal proceeding. Younger v. Harris, 401 U.S. 37 (1971). Federal courts also cannot review a state adjudication. District of Columbia Court of Appeals v. Feldman 460 U.S. 462 (1983).

*Sua sponte* dismissals are appropriate where sufficient basis for the court's action is apparent from the plaintiff's pleading. Apostol v. Laundau, 957 F.2d 339, 343 (7th Cir. 1992). As is required when dismissing claims *sua sponte*, we hereby notify plaintiff of our intent to dismiss the complaint and provide her with an opportunity to respond. *See* Stewart Title Guaranty Co. v. Cadle Co., 74 F.3d 835, 836 (7th Cir. 1996).

For the reasons stated above, plaintiff's petition is denied as moot. She is hereby notified of our intent to dismiss and has twenty-one days to respond, that is, until January 23, 2002.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 2, 2002.